IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| VALEN PRICE, TOMEKA WILLIAMS, AND KEMETRA HANSBRO § § § *Plaintiffs*, § § v. § § PARKS AT ARLINGTON, LP, § a CORPORATION, BROOKFIELD § PROPERTIES LLC, ALLIED § UNIVERSAL SECURITY SERVICES, § AMBER DURANTE, DOES 1-10, and § DENISE SIMMS MARTINSON, § § *Defendants*. § | | CIVIL ACTION COMPLAINT<br><br>CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

NOW COMES Valen Price, Tomeka Williams and Kemetra Hansbro ("Plaintiffs" or "Price," "Williams," and "Hansbro") complaining of Defendants Parks at Arlington, LP ("Parks Mall"), Brookfield Properties LLC ("Brookfield"), Allied Universal Security Services ("Allied Security"), Amber Durante ("Durante"), Does 1-5 and Denise Simms Martinson (Martinson), and for cause would show the Honorable Court as follows:

**NATURE OF THE ACTION**

1. This is an action brought by the Plaintiffs pursuant to 42 U.S.C. §§ 1981, 1988 and 2000a to a(6) due to the Parks Mall's deprivation of Plaintiffs' federal and state rights and

privileges because of their race. For these civil rights violations and other causes of action discussed herein, Plaintiffs seek answers and compensation for their damages.

## PARTIES

2. Plaintiff Valen Price is a citizen of the United States and an individual residing in Desoto, Texas.

3. Plaintiff Tomeka Williams is a citizen of the United States and an individual residing in Lancaster, Texas.

4. Plaintiff Kemetra Hansbro is a citizen of the United States and an individual residing in Lancaster, Texas.

5. Defendant Parks at Arlington, LP is a shopping mall and corporation organized and existing under the laws of the State of Illinois and authorized to do business in the State of Texas and operates out of Arlington, Texas. The Parks Mall can be served with process through its property manager at 350 North Orleans, Suite 300, Chicago, Illinois 60654-1607.

6. Defendant Brookfield Properties is a property management corporation organized and existing under the laws of the State of Illinois and authorized to do business in the State of Texas and operates out of Houston. The Parks Mall can be served with process at 350 North Orleans, Suite 300, Chicago, Illinois 60654-1607 and/or its Registered Agent Corporation Service Company DBA CSC Lawyers Inc. at 211 East 7th Street, Suite 620 Austin, TX 78701.

7. Defendant Allied Universal Security Services, upon information and belief, is a Delaware corporation that maintains its headquarters at 229 West 36th Street 11th floor, New York,

New York 10018. Allied Universal Security Services is the parent company and/or successor-in-interest to Allied Barton Security Services LLC and was formed in 2016 by merger. Allied Security contracts with the Parks at Arlington to provide security services at the Parks Mall.

8. Defendant Amber Durante, upon information and belief, is a citizen of the United States and an employee and/or agent of Allied Security and at all times relevant herein acted within the scope and capacity of her employment under Allied Security.

9. Defendant Does 1-5, upon information and belief, are citizens of the United States and employees and/or agents of Allied Security and at all times relevant herein acted within the scope of their employment under Allied Security.

10. Defendant Does 6-10 upon information and belief, are citizens of the United States and employees and/or agents of Parks Mall and at all times relevant herein acted within the scope of their employment under Parks Mall.

11. Defendant Denise Simms Martinson, upon information and belief, is a citizen of the United States and an individual residing in Grand Prairie, Texas.

## JURISDICTION AND VENUE

12. Jurisdiction exists in this Court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the United States Constitution and 42 U.S.C. § 1981, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

13. Venue is proper in this Court because the causes of action described herein occurred within the Northern District of Texas.

## FACTUAL BACKGROUND

14. On or about Saturday June 16, 2018, at approximately 3:45 PM, Price arrived at the Parks Mall in Arlington, Texas accompanied by Williams and Hansbro. Plaintiffs traveled to the Parks Mall to find Father's Day gifts.

15. Considering that it was the day before Father's Day, the Parks Mall was busy with shoppers and consumers picking up last minute gifts. As the three women circled around the JC Penney's parking lot, they identified a parking spot and attempted to park their vehicle into the spot. While in the process of doing so, a large Toyota van driven by Defendant Martinson suddenly cut off the Plaintiffs and maneuvered into the parking spot that Plaintiffs intended to take.

16. An exchange of words followed after Defendant Martinson aggressively cut the Plaintiffs off. As Hansbro complained to Martinson about taking the parking spot, Martinson spewed racial slurs and derogatory names at Plaintiffs, including the sentences, "fuck you bitches," "get your black asses out of here," "hoes," and "fuck you niggers." After the tirade by Martinson, Plaintiffs continued around the parking lot and found another spot to park their vehicle in.

17. After finding a parking spot away from Martinson, Price and her companions exited their vehicle and began the walk towards the JC Penney's store entrance.

18. As Price and her companions were walking and talking, Martinson pulled out of the parking spot she had originally taken from Plaintiffs and drove the van towards the three

women. Suddenly, and without provocation or notice, Martinson rammed her large vehicle into Price and Hansbro, running over both ladies as they were crossing the cross walk towards JC Penney.

19. Martinson intentionally struck the ladies with her vehicle.

20. Shocked and confused as to what had just happened, Plaintiffs rested near the JC Penney store as a crowd of onlookers gathered around and exclaimed that the two black women had just been hit by the driver of the van who had now continued to drive away from Plaintiffs.

21. Instead of stopping to check on Price and Hansbro after having just hit them with her vehicle, Martinson continued to drive her van and managed to reenter the parking lot and park in between a handicap spot and a no parking zone.

22. Price, worried about the safety and condition of her and her companions, dialed 911 and awaited the arrival of the Arlington Police Department.

23. Parks Mall security (Allied Security) arrived on the scene within a few minutes. As Defendant Durante stepped onto the scene, she walked past Plaintiffs without acknowledging their injuries or taking their statements and headed straight towards the passenger side of Defendant Martinson's van.

24. Plaintiffs explained to Durante that they had just been hit by the Toyota van that was now parked in a handicap spot in the parking lot.

25. Without checking on the well-being or injuries of Price or Hansbro, Durante ignored the Plaintiffs and proceeded to discuss the situation with the passenger of the van being driven by Martinson.

26. As more Allied Security and/ or Parks Mall personnel arrived, they formed a protective circle around Martinson's van and ordered the Plaintiffs to leave the parking lot.

27. Although Martinson had just assaulted Plaintiffs with her van, Allied Security astonishingly began to berate Plaintiffs as if they were criminals and had just committed an offense. While Plaintiffs were ordered onto the curb, Martinson and her passenger were permitted to stay inside their van, unbothered and protected by Allied Security.

28. None of the officers on the scene concerned themselves with the injuries sustained by Price and Hansbro, despite their pleas.

29. Defendants Durante and Does 1-10 were more concerned with protecting and defending Martinson than addressing the assault that had just been committed by Martinson and against Plaintiffs.

30. Once Durante and Does 1-10 returned to Plaintiffs, Durante ordered Plaintiffs to sit on the curb and not to move. Not knowing why they were being detained after having just been hit by the van, Price and Hansbro complained to officers about why they were being treated like criminals instead of victims of an assault.

31. Durante ignored their pleas for answers and instead took their photo identification cards and ran a check for arrest warrants on Plaintiffs.

32. Allied Security angrily responded that Price and her companions should just "shut the fuck up" and remain seated on the curb while they review security footage.

33. Allied security told Price to stop filming, despite having every right to do so.

34. Martinson received no such negative treatment from security or officers, despite having just intentionally struck Plaintiffs with her vehicle.

35. Following the verbal assaults from the Allied and/ or Parks Mall personnel, Arlington Police and Allied Security reviewed the security footage that clearly showed that Plaintiffs had indeed been hit by the driver of the van.

36. Despite viewing the video, Allied Security issued Price, Williams and Hansbro each a No Trespass Citation that would forbid them from shopping again at the Parks Mall.

37. These citations were issued for no legitimate purpose other than because Plaintiffs were African American women.

38. Martinson was not issued a Trespass Citation or any other ticket by Allied Security or the Arlington Police Department.

39. Martinson, a Caucasian woman, was the assailant and perpetrator of the assault and barrage of racial slurs at Plaintiffs and suffered no consequences by Parks Mall or Allied Security.

40. Plaintiffs, who were the victims of the assault, were berated, humiliated, and prohibited from shopping at Parks Mall because they were African American women.

41. Price and Hansbro objected to the citations and understood them to be retaliation against them on the basis of their race rather than based on any actions they had taken at the Parks Mall.

42. Several days later, Price was contacted by both the Parks Mall security and the Arlington Police Department who indicated that they would mail the driver of the van an assault citation through the mail.

43. The No Trespass Citations issued by Allied Security to Plaintiffs interfered and prevented Plaintiffs from enjoying their right to shop and buy from the Parks at Arlington in violation of the aforementioned laws.

44. The Parks Mall's conduct that denied Price of her ability to contract for the public accommodations available inside the shopping mall is reprehensible and unconscionable.

45. Allied Security treated Price and her companions as if they were criminals engaged in wrongdoing, simply because they were African American females.

46. Allied Security commanded the three African American females to stay on the curb and "shut the fuck up" while they allowed the caucasian assailant to continue to sit in her van unbothered and not harassed.

47. Through investigation, Plaintiffs have learned that Allied Security is contracted with the Parks at Arlington. As such, these security officials were the Parks Mall's vice principals for which the Parks Mall is directly liable. They were also agents of the Parks Mall for which the Parks Mall is vicariously liable for the damages asserted in this case.

48. Through investigation Plaintiffs have learned that Brookfield manages the operation of Parks Mall.

49. As a result of the assault by Martinson, Price has experienced physical pain and suffering, including the development of a puss pocked in her hip preventing Price from sitting or standing for long periods of time without pain. As a result of these injuries, Price has been prescribed muscle relaxers and other medication to alleviate the pain and discomfort.

## CAUSES OF ACTION

### COUNT I – 42 U.S.C. § 1981 RACIAL DISCRIMINATION
*Parks Mall, Brookfield, Allied Security, Durante, Does 1-10*

50. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

51. Defendants intentionally and/or consciously engaged in the aforementioned conduct in violation of 42 U.S.C. § 1981.

52. Plaintiffs are (1) members of a racial minority; (2) there was an attempt to discriminate against them on the basis of race by Defendants; and (3) the discrimination concerns one or more of the activities enumerated in § 1981 including, but not limited to, having the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens and the right to make and enforce contracts on the same basis as white citizens.

53. Plaintiffs were discriminated against by being less favorably treated than the Caucasian assailant who had struck Price and Hansbro with her vehicle.

54. This discrimination resulted in the issuance of three No Trespass Citations to Plaintiffs for no other reason than their status as African American women.

55. Defendant Martinson, a caucasian woman, received no negative treatment or citations from Allied Security on that day despite evidence that she had struck Plaintiffs with her van.

56. The conduct of Defendants was done intentionally and with actual malice. Because of Plaintiffs' status as African American women, they were treated unfairly and the motive behind their treatment was to exclude them from ever shopping at the Parks Mall again.

57. The Parks Mall and Brookfield are directly and/or vicariously liable for the acts of its employees and/or agents identified in this suit.

58. Defendants' actions were done with malice and/or with reckless indifference to Plaintiffs' federally protected rights. Plaintiffs are therefore also entitled to punitive damages, for which they hereby sue.

**WHEREFORE**, Plaintiffs demands judgment in their favor, and against Defendants pursuant to 42 U.S.C. § 1983, in an amount in excess of Five-Hundred Thousand Dollars

($500,000.00), including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, punitive and exemplary damages as provided by law, attorneys' fees under U.S.C. 1985 and 1988, and any other remedies legally appropriate.

### COUNT II –42 U.S.C. § 2000a to a(6) RACIAL DISCRIMINATION
*Parks Mall, Brookfield, Allied Security, Durante, Does 1-10*

59. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

60. As shown above, Defendants, through their own actions, or the actions of its employees or agents has:

    a. Engaged in policies and/or practices that deny Plaintiffs, on account of their race, the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Parks at Arlington;

    b. Carried out policies and/or practices of discriminating against Plaintiffs in a variety of ways, including but not limited to: refusing to assist Plaintiffs with proper security; ejecting Plaintiffs from the Parks Mall; and making discriminatory statements about Plaintiffs; and

61. Defendants intentionally and/or consciously engaged in the aforementioned conduct, policies, and customs in violation of 42 U.S.C. § 2000a to a(6).

62. Plaintiffs are (1) members of a racial minority; (2) there was an intent to discriminate against them on the basis of race by Defendants; and (3) the discrimination occurred at a public accommodation – specifically, that Plaintiffs were discriminated against by being prevented from shopping at the Parks Mall.

   **WHEREFORE**, Plaintiffs demands judgment in their favor, and against Defendants pursuant to 42 U.S.C. § 1983, in an amount in excess of Five-Hundred Thousand Dollars

($500,000.00), including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, punitive and exemplary damages as provided by law, attorneys' fees under U.S.C. 1985 and 1988, and any other remedies legally appropriate.

### COUNT III – VIOLATION OF THE TEXAS CONSTITUTION
*Parks Mall, Brookfield, Allied Security, Durante, Does 1-10*

63. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

64. Defendants intentionally and/or consciously discriminated against Plaintiffs on the

65. basis of race and, as such, violated Section 3a of the Texas Constitution.

66. Defendants Parks Mall and Brookfield are liable by way of its hiring, policies and practices, as well as being directly liable for the conduct of its employees, for the racial discrimination detailed above.

**WHEREFORE**, Plaintiffs demands judgment in their favor, and against Defendants in excess of Five-Hundred Thousand Dollars ($500,000.00), including interest, delay damages, costs of suit, general and specific damages, including punitive and exemplary damages as provided by law.

### COUNT IV- ASSAULT AND BATTERY
*Martinson*

67. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

68. Martinson caused bodily injury to Plaintiffs through offensive and violent physical contact.

69. Martinson committed the following act which she knew or should have reasonably believed plaintiffs would regard as offensive.

    a. Striking Plaintiffs with her vehicle

**WHEREFORE**, Plaintiffs demands judgment in their favor, and against Defendants in excess of Five-Hundred Thousand Dollars ($500,000.00), including interest, delay damages, costs of suit, general and specific damages, including punitive and exemplary damages as provided by law.

### COUNT V- UNCONSCIONABLE CONDUCT
*Parks Mall, Brookfield, Allied Security, Durante, Does 1-10, Mortinson*

70. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

71. Defendants Parks Mall, Brookfield, Allied Security, Durante, and Does 1-10 engaged in unconscionable conduct by way of its policies and practices, as well as being directly liable for the unconscionable conduct of its vice-principals and/or agents, for the racial discrimination detailed above.

72. Defendant engaged in unconscionable conduct by way of assaulting plaintiffs, making false accusations, and taking extraordinary steps to put plaintiffs in harms way.

**WHEREFORE**, Plaintiffs demands judgment in their favor, and against Defendants in excess of Five-Hundred Thousand Dollars ($500,000.00), including interest, delay damages, costs of suit, general and specific damages, including punitive and exemplary damages as provided by law.

### DAMAGES

73. Plaintiffs incorporate by reference all previous paragraphs as if fully set forth herein.

74. Defendants' acts and/or omissions were a proximate cause of the following injuries suffered by Plaintiffs:

    c. Actual damages;

    d. Mental anguish and emotional distress damages in the past and future;

    e. Pre- and post-judgment interest;

    f.   Punitive and Exemplary damages;

    g.   Attorney's fees and costs of suit pursuant to 42 U.S.C. 1985 and 1988; and

    h.   Such other and further relief as this Honorable Court deems just and proper.

## CONDITIONS PRECEDENT

75. Plaintiffs reserve their rights to plead and prove the damages to which they are entitled to at the time of trial. All conditions to Plaintiffs' recovery have been performed or have occurred.

## TRIAL BY JURY

76. Plaintiffs have paid a jury fee and demand trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiffs have and recover judgment from Defendants; actual damages, exemplary damages, punitive damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; and such other and further relief, both general and special, at law and in equity, to which Plaintiffs may show themselves justly entitled.

Respectfully submitted,

/s/ Blerim Elmazi
Blerim Elmazi, Esquire
State Bar No. 24118375
**Merritt Law Firm, LLC**
1910 Pacific Ave Suite 8000
Dallas, TX. 75021

/s/ Mark V. Maguire
Mark V. Maguire, Esquire

                                                                               McELDREW YOUNG PURTELL  
                                                                               123 South Broad Street  
                                                                               Philadelphia, PA 19109  
                                                                               (Pro Hac Vice Petition forthcoming)